UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re:

|  | Chapter 11 |
|---|---|
|  | Case No. 06-12960-1-rel |

TOUGHER INDUSTRIES, INC.,
                        Debtor.
-----------------------------------------------------------------
TOUGHER INDUSTRIES, INC.,                                          Adv. Pro. No. 07-90017
                        Plaintiff.
vs.

DORMITORY AUTHORITY OF THE
STATE OF NEW YORK,
                        Defendant.
-----------------------------------------------------------------
DORMITORY AUTHORITY OF THE
STATE OF NEW YORK,
                        Third-Party Plaintiff.
vs.

CRANDALL ASSOCIATES, ARCHITECTS
AND FACILITY PLANNERS, P.C.,
                        Third-Party Defendant.
-----------------------------------------------------------------
Appearances:

Robinson & Cole, LLP                              Patrick M. Birney, Esq.
*Attorneys for the Debtor/Plaintiff*                (Admitted *Pro Hac Vice*)
280 Trumbull Street
Hartford, CT 06103

New York State Attorney General's Office          Eidin Beirne, Esq.
*Attorneys for Defendant/Third-Party Plaintiff*   Norman P. Fivel, Esq.
New York State Department of Law
The Capitol
Albany, NY 12224

Fitzgerald Morris Baker Firth, P.C.               William A. Scott, Esq.
*Attorneys for Third-Party Defendant*
One Broad Street Plaza
P.O. Box 2017
Glens Falls, NY 12801

## MEMORADUM-DECISION AND ORDER

Before this court is a motion filed by Crandell Associates, Architects and Facility Planners, P.C. ("Crandell"), third-party defendant, requesting that this court abstain from hearing this matter and order it remanded to the Albany County Supreme Court. The Dormitory Authority of the State of New York ("Dormitory Authority"), defendant and third-party plaintiff, supports Crandell's motion. Crandell and the Dormitory Authority base their motion on the arguments that the court is either mandated to abstain pursuant to 28 U.S.C. § 1334(c)(2), or may choose to abstain pursuant to 28 U.S.C. § 1334(c)(1). Tougher Industries, Inc. ("Tougher"), debtor and plaintiff, objects to the motion for remand, alleging that Crandell and the Dormitory Authority have failed to fulfill the requirements of § 1334(c)(2) for mandatory abstention, and that the characteristics of this particular case militate against permissive abstention pursuant to § 1334(c)(1).

## SUMMARY OF FACTS

Tougher commenced this action, pre-petition, in the commercial division of the Albany County Supreme Court against the Dormitory Authority. The cause of action arose out of a dispute concerning a construction project in the Trinity Building of the St. Lawrence Psychiatric Center. In early 2001, the Dormitory Authority solicited bids for the heating, ventilation, and air conditioning subcontract of the project, which Tougher succeeded in winning with a low bid of $6,838,000.00. The parties executed the contract on May 21, 2001. The project appears to have been sizable, involving the extensive renovation of a 186,000-square foot building.

Apparently, the project did not run as smoothly as the parties had hoped. Tougher incurred cost overruns to the tune of $2,086,050.00, which it holds the Dormitory Authority responsible for in the complaint. Tougher alleges that the following instances of misfeasance and/or nonfeasance by the Dormitory Authority render the Dormitory Authority liable for these

cost overruns: (1) favoritism for the general construction contractor to the detriment of the other

subcontractors, forcing those contractors to work inefficiently and bear unanticipated costs; (2)

various changes being made to the project in the course of construction resulting in a great deal

of extra work beyond that which Tougher anticipated when it bid on the contract; (3) failure to

incorporate into the schedule the effects of the many project changes that occurred during

construction; and (4) failure to adequately coordinate the various contractors on the project by

implementing a "critical path method" project schedule.  Tougher further alleges that the designs

for the project—upon which Tougher based its bid—were fundamentally flawed, resulting in

numerous changes over the course of construction. As a result of these alleged acts, failures to

act, and inadequate planning by the Dormitory Authority, Tougher maintains that it was left no

choice but to adjust its plans for the project and incur substantial cost overruns.  The project was

completed late and, while no extensions of time were given, the Dormitory Authority did not

seek liquidated damages against Tougher.

On November 15, 2005, after failed negotiation attempts with the Dormitory Authority,

Tougher submitted a "Request for Equitable Adjustment" for more than two million dollars.  On

May 2, 2006, after further fruitless negotiations with the Dormitory Authority, Tougher filed suit

in the Albany County Supreme Court for breach of contract, *quantum meruit*, unjust enrichment,

and interference with performance of a contract.

The Dormitory Authority counterclaimed, seeking $558,727.00 for breach of contract.

The counterclaim seeks to recover costs incurred by the Dormitory Authority for repairing,

completing, or replacing substantial parts of Tougher's installation.  The Dormitory Authority

also filed a third party complaint against Crandell, which served as the architect for the project.

Crandell and the Dormitory Authority entered into a contract under which Crandell would

prepare plans and specifications for the renovation of the Trinity Building.  The contract was

3

subsequently amended no less than seven times.  In its suit against Crandell, the Dormitory

Authority seeks $741,702.00 for negligence, indemnity, and breach of contract.  The Dormitory

Authority bases these claims on the allegation that Crandell improperly designed the facility

thereby causing damages to the Dormitory Authority and resulting in Tougher's underlying

claim.   On August 3, 2006, Crandell answered and filed a counterclaim against the Dormitory

Authority seeking approximately $900,000.00 in unpaid fees on the basis of breach of contract,

*quantum meruit*, and unjust enrichment.  Neither Crandell nor Tougher has brought a cause of

action against the other.

On November 3, 2006, over six months after commencing its action against the

Dormitory Authority, Tougher filed its voluntary Chapter 11 petition.  Tougher removed the

litigation among itself, the Dormitory Authority, and Crandell to this court on February 1, 2007,

pursuant to 28 U.S.C. §§ 1452 and 1334.  Crandell acknowledged the notice of removal on

February 23, 2007, but objected to the removal and to the entry of a final judgment by this court.

On November 20, 2007, this court approved the sale of Tougher's assets, effectively

removing the continuing business from the bankruptcy proceedings.  Tougher, Crandell, and the

Dormitory Authority then agreed to take part in a mediation session to resolve the subject matter

of the removed action on March 26, 2008.  On May 14, 2008, the parties reported back to the

court that their mediation attempts were unsuccessful

After the failed mediation, the court entered a scheduling order on May 15, 2008.  The

scheduling order provided that all discovery be completed by December 31, 2008 and set a

pretrial conference for January 21, 2009.  A new scheduling order has since been entered

providing that discovery be completed by June 30, 2009 and setting the pretrial for June 19,

2009.  While informal discovery was conducted prior to the mediation, only nominal formal

discovery has been conducted thus far in this court.  In the interval, on August 25, 2008, Crandell

4

filed its second motion for remand.  The court set December 10, 2008 as the final date for

submissions, and it is this matter that the court decides today.

## ARGUMENTS

Crandell argues that the court is required to abstain from hearing this action, as it fulfills

the six elements of 28 U.S.C. § 1334(c)(2).  *See Deep v. Bois*, No. 1:05-CV-1187, 2007 WL

169940, at *2-3 (N.D.N.Y. 2007) (listing the six elements that must be fulfilled to warrant

mandatory abstention).  Meanwhile, the Dormitory Authority adds the argument that even if the

case is not subject to mandatory abstention under § 1334(c)(2), the court may choose to abstain

under its own discretion under § 1334(c)(2).  28 U.S.C. § 1334(c)(2).  In deciding to abstain the

court may take numerous factors into account.  *See In re WorldCom Sec. Litig.*, 293 B.R. 308,

332 (S.D.N.Y. 2003) (providing list of twelve relevant factors to permissive abstention).

Tougher maintains that mandatory abstention is inappropriate for the present case

because: (1) Crandell failed to bring its motion for abstention in a timely manner; (2) the

proceeding arises under the Bankruptcy Code, or in the bankruptcy proceeding; and (3) Crandell

failed to prove that the case could be timely adjudicated in state court.  Additionally, Tougher

makes the arguments that the court should not abstain of its own volition as (1) retaining

jurisdiction will result in the effective administration of its bankruptcy case, (2) the action's state

law claims are not unsettled or particularly difficult, and (3) because it has not engaged in forum

shopping.

## DISCUSSION

Section 1452(a) of the Judiciary and Judicial Procedures Code states that:

> A party may remove any claim or cause of action in a civil action other than a
> proceeding before the United States Tax Court or a civil action by a governmental
> unit to enforce such governmental unit's police or regulatory power, to the district
> court for the district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. 1452(a).  This court has jurisdiction over these civil matters by virtue of § 1334 of the

Judiciary and Judicial Procedures Code, which grants original and exclusive jurisdiction over all

title 11 cases to the district courts, as well as original—though not exclusive—jurisdiction over all

civil proceedings arising under title 11, or arising in or related to cases under title 11.  28 U.S.C. §

1334(a), (b).

Section 1334 also provides for two scenarios under which the court is either mandated or

permitted to abstain from hearing a matter arising in a bankruptcy case, related to a bankruptcy

case, or arising under the Bankruptcy Code.  28 U.S.C. § 1334(c).  The court is required to

abstain from hearing a matter when

> [u]pon timely motion of a party in a proceeding based upon a State law claim or
> State law cause of action, related to a case under title 11 but not arising under title
> 11 or arising in a case under title 11, with respect to which an action could not
> have been commenced in a court of the United States absent jurisdiction under
> this section, the district court shall abstain from hearing such proceeding if an
> action is commenced, and can be timely adjudicated, in a state forum of
> appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  Under this provision the court is mandated to abstain from hearing a

matter if six prerequisites are fulfilled: "(1) the motion for abstention was timely; (2) the action is

based on a state-law claim; (3) the action is 'related to' a bankruptcy proceeding, as opposed to

'arising under' the Bankruptcy Code or 'arising in' a bankruptcy proceeding; (4) section 1334 is

the sole jurisdictional basis for the action; (5) an action was commenced in state court; and (6)

the state-court action can be timely adjudicated."  *Deep v. Boies*, 2007 WL 169940, at *2-3.

In instances where mandatory abstention is not required, a court may voluntarily abstain

from any other matter which derives its jurisdiction from § 1334.  Section 1334(c)(1) enounces:

> Except with respect to a case under chapter 15 of title 11, nothing in this section
> prevents a district court in the interests of justice, or in the interest of comity with
> State courts or respect for state law, from abstaining from hearing a particular
> proceeding arising under title 11 or arising in or related to a case under title 11.

6

28 U.S.C. § 1334(c)(1).  In a situation where the court abstains of its own volition, it is of no

consequence whether the matter is related to a bankruptcy proceeding, arises under the

Bankruptcy Code, or arises in a bankruptcy proceeding.  *See S.G. Phillips Constrs, Inc. v. City of*

*Burlington* (*In re S.G. Phillips Constrs., Inc.*), 45 F.3d 702, 708 (2d Cir. 1995) (holding that

under § 1334(c)(1) the bankruptcy court may abstain from hearing a "core proceeding," meaning

a proceeding that arises under the Bankruptcy Code or a matter that arises in a bankruptcy

proceeding).  Furthermore, courts that have chosen to impose permissive abstention have

traditionally based the decision to do so on various factors that tend to support hearing the matter

at issue in a different venue.  While there is no exhaustive list of all the factors relevant to

discretionary abstention, some include:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court
> recommends abstention, (2) the extent to which state law issues predominate over
> bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law,
> (4) the presence of a related proceeding commenced in state court or other
> nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. §
> 1334, (6) the degree of relatedness or remoteness of the proceeding to the main
> bankruptcy case, (7) the substance rather than form of an asserted "core"
> proceeding, (8) the feasibility of severing state law claims from core bankruptcy
> matters to allow judgments to be entered in state court with enforcement left to
> the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood
> that the commencement of the proceeding in a bankruptcy court involves forum
> shopping by one of the parties, (11) the existence of a right to a jury trial, and (12)
> the presence in the proceeding of nondebtor parties.

*In re WorldCom, Inc. Sec. Litig.*, 293 B.R. at 332 (quoting *In re Masterwear Corp.*, 241 B.R.

511, 520 (Bankr. S.D.N.Y. 1999)).

Based on the record before it, the court chooses to exercise its discretion under §

1334(c)(1) and abstain from the civil proceedings involving Tougher, the Dormitory Authority,

and Crandell.[1]  The court predicates its decision on several of the factors enumerated in the

*WorldCom* case.  To begin with, the adjudication of this litigation in state court will have no

---

[1] Though the parties have voluminously briefed the issue of mandatory abstention, in light of the court's ruling, it
need not address that issue.

effect on the effective administration of the bankruptcy estate because the ongoing business of

Tougher has been sold, and the estate is completing the marshalling of its remaining assets by

collecting on pre-petition accounts receivable (factors 1 and 6).  As a result, any finding for

Tougher will simply increase the pool of funds the estate may use to pay creditors' claims.

Furthermore, any finding against Tougher will result in the liquidation of a pre-petition claim,

and do nothing more than reduce the percentage of the estate paid out to each unsecured creditor.

Thus, while disposition of this matter may have a significant impact on the amount of money

available for the creditors, its affect on the proceedings in the main bankruptcy case will be

remote.

  These proceedings are entirely within the province of state contract law, and there are no

cognizable bankruptcy issues that need be resolved in conjunction therewith (factor 2).  There is

no jurisdictional basis, independent of § 1334, for these matters to continue in this court (factor

5).  Furthermore, while the law in these proceedings does not appear to be unsettled, the

proceedings do present potentially complex litigation, involving events occurring over several

years and various incarnations of the relevant contracts and amendments (factor 3).  Moreover,

while the court is equipped to handle contract disputes, the commercial division of the Albany

County Supreme Court was established specifically to handle such matters.  *See* 22 N.Y. Comp.

Codes R. & Regs. § 202.70 (granting jurisdiction over contract claims to the commercial

division).  Additionally, the potential complexity of the matter would unnecessarily dilute the

court's limited resources—resources that would be better spent addressing issues that are

germane to the Bankruptcy Code (factor 9).

  Finally, and perhaps most significantly, this matter involves not only a debtor's claim

against a third party to the bankruptcy proceeding, but also that third party's related claim against

another third party (factor 12).  Crandell has not filed any claim against Tougher, and Tougher

has not filed any claim against Crandell.  Nonetheless, their causes of action are intimately

related, as the Dormitory Authority's claim against Crandell seeks indemnification for any

successful claim made by Tougher against it (factors 4 and 10).  Based upon the allegations of

the various parties, it is evident that claims made by Tougher against the Dormitory Authority

underlie the claims by the Dormitory Authority against Crandell.  Thus, if the court were to sever

the Crandell claim, it would result in duplicative litigation, and a waste of this court's, the state

court's, and the parties' precious time and resources.  The court therefore holds that these

proceedings, which were initiated in state court by the debtor, would be better dealt with in the

court of their origin.

## CONCLUSION

Based upon all of the foregoing, Crandell's motion is granted and this matter is remanded

to the commercial division of the Albany County Supreme Court.

It is SO ORDERED.

Dated:          Albany, New York
               February 17, 2009

                                                /s/ Robert E. Littlefield, Jr.
                                         _____
                                         Hon. Robert E. Littlefield, Jr.
                                         U.S. Bankruptcy Judge